UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. CHAHINE and HIAM
CHAHINE,

    Plaintiffs,

v.

    Case No. 10-13456

    Hon. John Corbett O'Meara

FIRST MAGNUS FINANCIAL
CORPORATION, and THE
FEDERAL NATION MORTGAGE
ASSOCIATION,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant Federal National Mortgage Association's motion to dismiss, filed September 7, 2010. Plaintiffs filed a response October 10; Defendant submitted a reply brief on October 18, 2010. The court heard oral argument on November 10, 2010, and took the matter under advisement. For the reasons stated below, the court grants Defendant's motion.

**BACKGROUND FACTS**

This case was removed from Wayne County Circuit Court on August 30, 2010. Plaintiffs allege fraud and breach of contract in connection with the foreclosure of their home in Dearborn, Michigan. Defendants are First Magnus Financial Corporation, the lender, and the Federal National Mortgage Association ("Fannie Mae"), which purchased the property at the foreclosure sale. First Magnus Financial Corporation has not responded to this action because it is in

bankruptcy.  See Case No. 07-01578 (D. Ariz.).  Plaintiffs have not alleged that it has obtained relief from the automatic stay; accordingly, the court must dismiss First Magnus from this action. See 11 U.S.C. § 362.

In November 2006, Plaintiffs obtained a mortgage loan on their property at 4971 Rosalie, Dearborn, Michigan, from First Magnus.  Foreclosure proceedings were initiated after Plaintiffs defaulted on the loan by failing to make the required payments.  Plaintiffs allege that they did not receive personal notice of the foreclosure proceedings.  On December 23, 2009, Fannie Mae bought the property at the foreclosure sale.  The redemption period expired on June 23, 2010. Plaintiffs failed to redeem the property.  On June 30, 2010, Fannie Mae filed an action against Plaintiffs for summary possession in the 19th District Court.  On July 29, 2010, Plaintiffs filed this action, seeking to set aside the foreclosure sale and prevent their eviction.

Plaintiffs allege the following causes of action: Count I, fraudulent misrepresentation; Count II, violation of the Mortgage Brokers, Lenders and Servicers Act ("MBLSLA"); Count III, breach of contract; Count IV, quiet title; Count V, violation of M.C.L. 600.3204; and Count VI, injunctive relief.  Fannie Mae seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF REVIEW**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (internal quotation marks omitted).  "To survive a motion to dismiss under Rule

12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## LAW AND ANALYSIS

In Count I (fraud), Plaintiffs allege that First Magnus misrepresented the interest rate of their loan, that the charges and fees they were assessed were unlawful, and that the value of the property exceeded the amount of the loan. Plaintiffs' only fraud allegations against Fannie Mae are that "Defendant First acted in concert with [Fannie Mae] and initiated foreclosure proceedings without standing to do so." Comp. at ¶ 15.

Plaintiffs have not pleaded sufficient facts to state a cause of action for fraud, nor have they pleaded fraud with the required particularity to survive a motion to dismiss. See Schwartz v. EDS, 913 F.2d 279, 285 (6th Cir. 1990) (under Michigan law, elements of fraud claim include a material, false representation made by the defendant, upon which the plaintiff relied to his detriment); Fed. R. Civ. P. 9(b) (fraud must be plead with particularity). Indeed, Plaintiffs have failed to identify any misrepresentation made to them by Fannie Mae. Therefore, the court will dismiss Plaintiffs' fraud claim.

In Count II, Plaintiffs claim that Fannie Mae violated the MBLSLA (M.C.L. 445.1672 *et*

*seq.*) because "Defendants had an unethical agreement with the appraiser to make sure the appraisals were over inflated" and Defendants "conspired . . . to foreclose the subject mortgage and note without giving proper notice. . . ." Comp. at ¶ 23, 25. By its terms, however, the MBLSLA does not apply to Fannie Mae, because it does not apply to "[a]gencies or corporate instrumentalities of the United States . . . ." M.C.L. 445.1675(f). Fannie Mae is a corporate body created by Congress and a corporate instrumentality of the United States. See 12 U.S.C. § 1717(a)(1) ("There is created a body corporate to be known as the 'Federal National Mortgage Association. . . .'"). Accordingly, Plaintiffs cannot state a claim against it under the MBLSLA.

In Count III, Plaintiffs allege breach of contract. However, Plaintiffs do not allege that a contract existed between them and Fannie Mae or which provision was allegedly breached. Without such allegations, Plaintiffs cannot state a claim for breach of contract against Fannie Mae. See In re Brown, 342 F.3d 620 (6th Cir. 2003) (elements for breach of contract claim under Michigan law include existence of valid contract, breach, and injury).

In Count IV, Plaintiffs seek to quiet title to the property based upon the allegations that fraud was committed by First Magnus and Fannie Mae during the origination of the loan. As discussed above, Plaintiffs have failed to plead fraud against Fannie Mae with the requisite particularity. Further, Fannie Mae was not involved in the origination of the loan. Even if *First Magnus* had committed fraud, Plaintiffs do not allege that Fannie Mae had notice of any misrepresentations. See In re Williams Bros. Asphalt Paving Co., 59 B.R. 71, 75 (Bankr. W.D. Mich. 1986) ("Under the rule commonly known as the bona fide purchaser rule, a transferee takes full title to property in which his transferor had only legal or voidable title, if the transferee takes for value, in good faith, and without notice of the 'true owners' interest."). Accordingly,

the court will dismiss Plaintiffs' quiet title claim.

In Count V, Plaintiffs allege that Defendants violated M.C.L. 600.3205a, which imposes certain notice requirements in the event of foreclosure. This statute became effective on July 5, 2009. Fannie Mae argues that the statute is inapplicable here because the foreclosure notice was first published on April 29, 2009. Plaintiffs do not dispute this argument. Therefore, the court will dismiss this claim.

In Count VI, Plaintiffs seek injunctive relief, which is not a cause of action, but a remedy. Because Plaintiffs do not have a viable substantive cause of action, their injunctive relief claim must be dismissed as well.

Plaintiffs suggest that the court should permit them to amend their complaint. They have not indicated *how* they would amend their complaint, however. Plaintiffs have not pointed to any facts that, if properly alleged, would cure the fatal deficiencies in any of their claims. Accordingly, amendment would be futile.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED and the complaint is DISMISSED WITH PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date: November 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 12, 2010, using the ECF system.

s/William Barkholz
Case Manager