UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. CHAHINE and HIAM
CHAHINE,

    Plaintiffs,

v.

FIRST MAGNUS FINANCIAL
CORPORATION, and THE
FEDERAL NATION MORTGAGE
ASSOCIATION,

    Defendants.
_____/

Case No. 10-13456

Hon. John Corbett O'Meara

**ORDER DENYING PLAINTIFFS'
<u>RULE 60(b) MOTION</u>**

    Before the court is Plaintiffs' motion for a new trial, brought pursuant to Fed. R. Civ. P. 60(b) and filed on May 2, 2011. Defendants submitted a response on May 18, 2011. Plaintiffs did not file a reply brief. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

    The court dismissed Plaintiffs' complaint pursuant to Rule 12(b)(6) on November 12, 2010. Plaintiffs alleged several causes of action related to the foreclosure of their mortgage, including fraud in the origination of the loan and a failure to give proper notice of the foreclosure. Plaintiffs suggest that the case should be reopened in light of <u>Residential Funding Co. v. Saurman</u>, __ Mich. App. __, 2011 WL 1516819 (Apr. 21, 2011). In <u>Saurman</u>, the Michigan Court of Appeals held that the Mortgage Electronic Registration System (MERS) may not foreclose by advertisement under M.C.L. 600.3204.

    Plaintiffs allege that MERS foreclosed by advertisement in this case, and that the foreclosure is invalid under <u>Saurman</u>. Plaintiffs contend that they are entitled to relief from

judgment under Rule 60(b)(4), (5), or (6), which give the court discretion to afford relief if

> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs do not explain how Rule 60(b)(4) or (5) apply here. See United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.").

In providing guidance on the application of Rule 60(b)(6), the Sixth Circuit explained:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief."

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (citations omitted). The court further stated that "[i]t is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief." Id.

Here, Plaintiffs have identified a change in the case law, which, in itself, does not provide a basis for relief under Rule 60(b)(6). Plaintiffs have not identified other facts and circumstances that weigh against the important policy interest in the finality of judgments. Accordingly, the court will deny Plaintiffs' motion.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiffs' May 2, 2011 motion for a new trial is DENIED.

s/John Corbett O'Meara  
United States District Judge

Date:  June 1, 2011

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 1, 2011, using the ECF system.

s/William Barkholz  
Case Manager